IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

GLEN R. BAYLESS,

                Plaintiff,

  v.

RBC CAPITAL MARKETS, LLC, PATRICK PFAHL,
CITY OF SUPERIOR, JEFFREY HARRIMAN, and one
or more JOHN DOES,

                Defendants.

OPINION and ORDER

25-cv-642-jdp

---

    This case arises out of a criminal investigation against plaintiff Glen R. Bayless that began in June 2022. Bayless alleges that officers from the Superior Police Department searched his home and confiscated a dozen electronic devices based on suspicion that Bayless possessed child pornography.

    Bayless's 31-page complaint details a series of events over the next few months involving the police department, a sergeant with the department (Jeffrey Harriman), Bayless's employer (RBC Capital Markets, LLC), and a coworker who purchased Bayless's financial advising practice. To summarize, Bayless says that police never found child pornography on his devices, but they did find adult pornography, and officers disclosed that information to RBC and Pfahl, who then used the information to harm Bayless by reducing his retirement package (in RBC's case) and obtaining a lower price for the practice (in Pfahl's case). Bayless contends that the city, Harriman, and other unnamed officers (the city defendants) retaliated against Bayless for exercising his First Amendment rights and that RBC and Pfahl (the RBC defendants) violated state law by conspiring to injure his business and interfere with his contractual relationships.

Dkt. 3, ¶¶ 501–04. Bayless also seeks the return of the devices that officers confiscated from him. *Id.* ¶ 505.

The merits of the case are not before the court, but a basic understanding of the claims is important to the issue that is before the court: whether Bayless's claims against the RBC defendants should be severed from the claims against the city defendants. The parties have agreed to stay the claims against the RBC defendants because the parties must arbitrate those claims. Dkt. 10.[1] This raises the question whether the case should proceed against the city defendants, an issue that the parties did not address in their stipulation. So the court directed the parties to show cause why the court should not sever the claims against the RBC defendants, so the claims against the city defendants could proceed. Dkt. 11.[2]

In a joint submission, the parties state that Bayless opposes severance, the city defendants favor severance, and the RBC defendants take no position. Dkt. 12. But none of the parties explain their positions. Bayless states only that it would be more efficient to wait for the results of the arbitration because the two sets of claims are "sufficiently related." *Id.* at 1. That is not persuasive, for two reasons.

---

[1] The court's usual practice was to dismiss cases without prejudice to reopening when the arbitration proceedings concluded. But the Supreme Court recently interpreted the Federal Arbitration Act as requiring district courts to stay rather than dismiss cases pending arbitration. *See Smith v. Spizzirri*, 601 U.S. 472 (2024).

[2] The court also directed Bayless to supplement his allegations about the parties' citizenship in the event that the case is severed, so the court could determine whether it has jurisdiction over the state-law claims under 28 U.S.C. § 1332. The parties' response to the court's order includes allegations showing diversity of citizenship, so the court concludes that it can retain jurisdiction over the state-law claims even after severance.

2

First, Bayless does not explain why all proceedings in this court should be stayed in favor of the arbitration proceedings. This case was filed first, and Bayless identifies no reason to believe that the arbitration proceedings will be completed before this case.

Second, Bayless does not contend that the arbitration proceedings could have preclusive effect on this case, and he identifies no issue that will be decided during the arbitration proceedings that will inform the resolution of the claims against the city defendants. There is some factual overlap in the background for both sets of claims, but there is no overlap in the elements, and Bayless identifies no common evidence that will be necessary to prove those elements. If both sets of claims were to proceed to trial, the court would likely have to hold separate trials because of potential confusion by the jury and unfair prejudice to defendants.

Under Federal Rule of Civil Procedure 21, the court may "sever any claim against a party" if "the claim being severed is discrete and separate from the other claims, and differences between the claims predominate over common questions." *Lee v. Cook County, Ill.*, 635 F.3d 969, 971 (7th Cir. 2011) (internal quotation marks omitted). That standard is satisfied here. The two sets of claims involve different defendants, different legal theories, and different evidence. It is possible that there will be common evidence on damages issues, but that is not reason enough to stay the claims against the city defendants and keep the claims in the same case. Even if there is some overlap, differences predominate over common questions. Besides, any common evidence developed in one proceeding can be used in the other. It would not serve judicial economy to stay the claims against the city defendants for many months or years based on speculation that the results of an arbitration proceeding might somehow shed light on issues in this case.

So the court will sever the claims against the RBC defendants and allow the claims against the city defendants to proceed.

ORDER

IT IS ORDERED that:

1. Glen Bayless's claims against RBC Capital Markets, LLC and Patrick Pfaul are SEVERED. The clerk of court is directed to open a new case for those claims. That case will be STAYED pending resolution of the arbitration proceedings. The parties are directed to provide the court with updates on the status of arbitration every six months, beginning on March 30, 2026.

2. The claims against the City of Superior, Jerry Harriman, and the John Does will proceed under this case number.

3. The clerk of court is directed to schedule a preliminary pretrial conference for this case before Magistrate Judge Boor.

Entered October 27, 2025.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

4